**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0373, <u>Kulick's, Inc. v. Town of Winchester</u>, the court on January 31, 2020, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Kulick's, Inc., appeals an order of the Superior Court (<u>Ruoff</u>, J.) upholding a decision of the planning board for the Town of Winchester to approve an application for site plan review. As approved, the site plan allows for the construction of a gas station and convenience store with a "drive-through" window at the intersection of Routes 10 and 78 in the town. The site will have driveway access on both Route 10 and Route 78.

The application sought to modify a site plan that the board had previously approved, <u>see</u> <u>Kulick's, Inc. v. Town of Winchester</u>, No. 2016-0054, 2016 WL 6472134 (N.H. Sept. 16, 2016), by, among other things, relocating the Route 10 driveway entrance an additional 80 feet away from the intersection, and eliminating a condition in the prior site plan that had prohibited left-hand turns from the property onto Route 10. On appeal, the plaintiff, an abutter to the project, argues that the trial court erred by upholding the board's decision not to require measures that would prevent left-hand turns either from the property onto Route 10, or from Route 10 onto the property.

The trial court's review of a planning board decision is limited. <u>Trustees of Dartmouth Coll. v. Town of Hanover</u>, 171 N.H. 497, 504 (2019). The trial court must treat the board's findings of fact as <u>prima</u> <u>facie</u> lawful and reasonable, and may not disturb the board's decision absent unreasonableness or identified error of law. <u>Id</u>.; <u>see</u> RSA 677:15, V (2016). The trial court's task is not to determine whether it agrees with the board's findings, but whether there is evidence upon which the board's findings could reasonably have been based. <u>Trustees of Dartmouth Coll.</u>, 171 N.H. at 504. It is the appealing party's burden to demonstrate that, by the balance of probabilities, the board's decision was unreasonable. <u>Id</u>.

Our review of the trial court's order is likewise limited. <u>Id</u>. We will reverse the trial court only if its decision is unsupported by the evidence or legally erroneous. <u>Id</u>. We review the trial court's order to determine whether a

reasonable person could have reached the same decision as the trial court based upon the same evidence that was before it.  Id.

In this case, the record on appeal reflects that the necessity of restrictions on left-hand turns either onto or from Route 10 was a disputed issue before the board.  Although the plaintiff's expert recommended that the applicant be required to install a "splitter island" in the Route 10 driveway entrance so as to prevent cars from making left-hand turns into or out of the property, the applicant submitted both a complete traffic study and a supplemental report responding to the plaintiff's concerns in which its traffic engineer opined that a restriction on left-hand turns onto or from Route 10 was unnecessary.  Additionally, the applicant provided a permit for the driveway issued by the New Hampshire Department of Transportation that contained no restrictions on left-hand turns.  Finally, members of the board specifically noted that there were no problems with left-hand turns at that location.  See Continental Paving v. Town of Litchfield, 158 N.H. 570, 575 (2009) (observing that members of a zoning board of adjustment may consider their own knowledge concerning relevant factors, such as traffic conditions, resulting from familiarity with an area in arriving at a decision).  Upon this record, we conclude that the trial court's order was neither unsupported by the evidence nor legally erroneous.  Trustees of Dartmouth Coll., 171 N.H. at 504.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2